UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN W. ROBISON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT, et al.,<br><br>　　　　　Defendants. | Case No. CV 15-9959-VAP (KES)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION |

On November 4, 2016, Plaintiff Glen W. Robison ("Plaintiff") filed a motion for reconsideration (Dkt. 32) asking the Court to vacate its earlier Judgment (Dkt. 29) that dismissed his 42 U.S.C. § 1983 action with prejudice. For the reasons stated below, Plaintiff's motion is GRANTED to allow Plaintiff to file objections to the Report and Recommendation ("R&R").

**I.**

**BACKGROUND**

On December 21, 2015, Plaintiff filed a Complaint alleging civil rights violations against five Defendants: (1) Superior Court of California (Los Angeles County); (2) Governor Edmund G. Brown; (3) Jeffrey Beard (Secretary of California Department of Corrections and Rehabilitation

1 ["CDCR"]); (4) Max Huntesman (District Attorney, Internal Affairs); and
2 (5) Lee Baca ([former] Los Angeles County Sheriff). (Dkt. 1.) In accordance
3 with the Prison Litigation Reform Act of 1995 ("PLRA"), the Magistrate
4 Judge screened the Complaint and dismissed it with leave to amend. (Dkt.
5 17.)

After requesting and receiving an extension of time (Dkt. 19, 20), Plaintiff filed his First Amended Complaint ("FAC") on June 17, 2016. (Dkt. 21.) In fact, Plaintiff mailed two copies of his FAC. One was mailed to the Court's Spring Street address and accepted for filing (Dkt. 21 at 65) while the other was mailed to the Department of Justice, also located at 312 N. Spring Street (Dkt. 24-1 at 15.)

The FAC named the same five Defendants. Plaintiff alleged that his constitutional rights were violated by California Assembly Bill ("AB") 109, also known as the Criminal Justice Realignment Act (which allows certain inmates to serve their sentences in county jail) while he was confined at the Los Angeles County Jail from October 31, 2013 through November 26, 2014. (FAC ¶¶ 1, 5, 14.)

Upon screening the FAC, on June 23, 2016, the Magistrate Judge issued an R&R recommending that it be dismissed with prejudice. (Dkt. 23.) The 14-page R&R explains why Plaintiff failed to state a claim against each Defendant. (Id.) The Notice of Filing of the R&R advised Plaintiff that he had until July 18, 2016, to file objections. (Dkt. 22.)

On July 5, 2016, the Court entered a Notice of Document Discrepancies. (Dkt. 24.) That Notice alerted Plaintiff that the duplicate copy of his First Amended Complaint received on June 17, 2016, was rejected for filing because there was already a "First Amended Complaint on Docket #21." (Id.) The Notice has attached to it the document that was rejected. That copy of the FAC bears a "received, but not filed" stamp, in contrast to the one that was

accepted for filing and bears a "filed" stamp. (Cf. Dkt. 21 at 1 and Dkt. 24 at 2.)

On July 14, 2016, Plaintiff requested an extension of time to object to the R&R until August 5, 2016, which was granted. (Dkt. 25, 26.) Plaintiff had apparently not yet received the Notice of Document Discrepancies, because he did not mention it.

Plaintiff, however, eventually received the Notice and thereafter failed to file objections to the R&R. On September 2, 2016, the Court accepted the R&R and entered Judgment dismissing Plaintiff's claims with prejudice. (Dkt. 28, 29.)

On September 30, 2016, Plaintiff requested an extension of time to move for reconsideration of the Judgment. (Dkt. 30.) He explained that he received the Judgment on September 7, 2016, but needed an extension of the otherwise applicable 30-day deadline because he has been hospitalized. (Id. at 1.) The Court granted him an extension until November 7, 2016. (Dkt. 31.)

On November 4, 2016, Plaintiff filed the instant motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). (Dkt. 32.) Plaintiff complains that (1) he was not afforded an opportunity to object to the R&R, (2) his FAC was rejected without explanation via the Notice of Document Discrepancies, and (3) his FAC should not have been dismissed for failure to prosecute. He asks that his case be reinstated to give him an opportunity to file objections to the R&R.

## II.
## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, Rules 59 and 60, a party may move for relief from the effect of a final judgment or order. Fed. R. Civ. P. 59(e), 60(b). The Central District's Local Rule 7-18 provides the grounds on which a motion for reconsideration may be made, as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

### III.
### ANALYSIS

Plaintiff's request for reconsideration presents new facts explaining Plaintiff's failure to file objections to the R&R. Liberally construed, Plaintiff's motion asserts that when Plaintiff received the Notice of Document Discrepancies, he did not understand that the Court was merely rejecting a duplicate copy of the FAC, and that another copy had already been accepted and filed. Instead, Plaintiff apparently thought that his case had been summarily dismissed by the Notice of Document Discrepancies, such that there was no point in his objecting to the R&R.

Plaintiff has no training in reading legal documents and could have misunderstood the import of the Notice of Document Discrepancies. Other than the deadline to object to the R&R, Plaintiff has diligently met all of the deadlines in this case. The Court, therefore, accepts Plaintiff's explanation and will reopen his case so that he can file objections to the R&R.

## IV.
## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration (Dkt. 32) is GRANTED. The Judgment (Dkt. 29) is VACATED and Plaintiff shall have thirty (30) days from the date of this Order to file objections to the R&R.

Dated: November 9, 2016

*/s/ Virginia A. Phillips*
VIRGINIA A. PHILLIPS
Chief United States District Judge

Presented by:

*/s/ Karen E. Scott*
KAREN E. SCOTT
United States Magistrate Judge